**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MIKELA JACKSON, as next friend of
D.T., a minor, A.T., a minor, and B.T., a minor,

And,

JEAN KELLY,

        Plaintiffs,

v.

CITY OF SIKESTON, MISSOURI, CHIEF
JAMES B. MCMILLAN, JOSH GOLIGHTLY,
MATTHEW R. CTNER, and
JON R. BROOM,

        Defendants,

Case: 1:22-cv-00110-AGF

Jury Trial Demanded

**DEFENDANTS' ANSWER**

Defendants City of Sikeston, Chief James B. McMillan ("Defendant McMillan"), Josh

Golightly ("Defendant" Golightly"), Matthew R. Cotner ("Defendant Cotner") and Jon R. Broom

("Defendant Broom"), herein collectively referred to as "Defendants", by and through their

undersigned Attorneys state for their Answer to Plaintiffs' Complaint as follows:

**INTRODUCTION**

1.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 2 of the Complaint and therefore deny them.

3.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 3 of the Complaint and therefore deny them.

4.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore deny them.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants are without sufficient information to admit or deny Denzel Taylor's age or race. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendants admit that on or about April 29, 2020 Defendant Golightly, Defendant Cotner and Defendant Broom were employed by the City of Sikeston, but deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore deny them.

9.      Defendants neither admit nor deny the allegations contained in paragraph 9 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

10.      Defendants deny the allegations in paragraph 10 of the Complaint.

11.      Defendants neither admit nor deny the allegations contained in paragraph 11 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

WHEREFORE, Defendants, having fully answered the "Introduction" of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## PARTIES

12.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore deny them.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore deny them.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore deny them.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore deny them.

16.     Defendants admit that the Sikeston Police Department is an official division of the City of Sikeston. Defendants deny the remaining allegations contained in paragraph 16 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

17.     Defendants admit that on or about April 29, 2020, Defendant McMillan, Defendant Golightly, Defendant Cotner and Defendant Broom were employed by the City of Sikeston but deny the remaining allegations in paragraph 17.

18.     Defendants neither admit nor deny the allegations contained in paragraph 18 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore deny them.

20.     Defendants neither admit nor deny the allegations contained in paragraph 20 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore deny them.

22.     Defendants neither admit nor deny the allegations contained in paragraph 22 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore deny them.

24.     Defendants neither admit nor deny the allegations contained in paragraph 24 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

25.     Defendants neither admit nor deny the allegations contained in paragraph 25 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

26.     Defendants neither admit nor deny the allegations contained in paragraph 26 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

27.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore deny them.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny them.

WHEREFORE, Defendants, having fully answered "The Parties" of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiff, and grant such other relief as this Court deems just and proper.

## SUBJECT MATTER JURISDICTION

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny them.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny them.

WHEREFORE, Defendants, having fully answered Subject Matter Jurisdiction of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## THE KILLING OF DENZEL TAYLOR

31.     Defendants admit that on or about April 29, 2020 officers from the Sikeston Police Department were dispatched to 233 Dorothy Street for a disturbance involving a handgun. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 31 and therefore deny them.

32.     Defendants admit that upon arrival, they encountered an individual identified at Milton Taylor who had been shot.

33.     Defendants admit that Lisa Taylor told Defendants Golightly and Broom that Denzel Taylor had shot Milton Taylor.

34.     Denied.

35.     Admitted.

36.     Admitted.

37.     Defendants admit that Milton Taylor made statements that he was surprised his son did this to him, but deny the remaining allegations in paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny them.

39.     Admitted.

40.     Defendants admit that City of Sikeston Police personnel began to process the scene at 233 Dorothy Street, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny them.

41.     Admitted.

42.     Defendants admit that at some point after the initial call to 233 Dorothy Street, Defendants Golightly, Cotner and Broom encountered Denzel Taylor in the area of Dorothy and School streets, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny them.

43.     Admitted.

44.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore deny them.

45.     Denied.

46.     Defendants admit that Defendant Golightly, Defendant Cotner, and Defendant Broom drew their weapons as some point and instructed Denzel Taylor to take his hands out of his pockets.  Defendants deny the remaining allegations in paragraph 46.

47.     Defendants admit that Defendant Golightly, Defendant Cotner and Defendant Broom drew their weapons as some point during the encounter with Denzel Taylor, but deny the remaining allegations in paragraph 47.

48.     Denied.

49.     Denied.

50.     Defendants admit that at some point, Denzel Taylor approached them, and Defendant Golightly, Defendant Cotner and Defendant Broom moved towards Denzel Taylor, but deny the remaining allegations in Paragraph 50.

51.     Defendants neither admit or deny the allegations in paragraph 51 as the body cam footage speaks for itself and as such, the allegations in paragraph 51 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

52.     Defendants admit that at some point they approached Denzel Taylor with their weapons drawn but deny the remaining allegations in paragraph 52.

53.     Denied.

54.     Defendants neither admit or deny the allegations in paragraph 54 as the body cam footage speaks for itself and as such, the allegations in paragraph 54 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

55.     Defendants neither admit or deny the allegations in paragraph 55 as the body cam footage speaks for itself and as such, the allegations in paragraph 55 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

56.     Defendants neither admit or deny the allegations in paragraph 56 as the body cam footage speaks for itself and as such, the allegations in paragraph 56 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

57.     Defendants admit that at some point they approached Denzel Taylor with their weapons drawn, but deny the remaining allegations in paragraph 57.

58.     Defendants admit that there is a 30 second delay for the audio on the body camera, but deny the remaining allegations in paragraph 58.

59.     Defendants neither admit or deny the allegations in paragraph 59 as the body cam footage speaks for itself and as such, the allegations in paragraph 59 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

60.     Defendants neither admit or deny the allegations in paragraph 60 as the body cam footage speaks for itself and as such, the allegations in paragraph 60 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

61.     Defendants neither admit or deny the allegations in paragraph 61as the body cam footage speaks for itself and as such, the allegations in paragraph 61 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

62.     Defendants neither admit or deny the allegations in paragraph 62 as the body cam footage speaks for itself and as such, the allegations in paragraph 62 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

63.     Defendants neither admit or deny the allegations in paragraph 63 as the body cam footage speaks for itself and as such, the allegations in paragraph 63 are the conclusions and

perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

64.     Defendants neither admit or deny the allegations in paragraph 64 as the body cam footage speaks for itself and as such, the allegations in paragraph 64 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

65.     Defendants neither admit or deny the allegations in paragraph 65 as the body cam footage speaks for itself and as such, the allegations in paragraph 65 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

66.     Defendants neither admit or deny the allegations in paragraph 66 as the body cam footage speaks for itself and as such, the allegations in paragraph 66 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

67.     Defendants neither admit or deny the allegations in paragraph 67 as the body cam footage speaks for itself and as such, the allegations in paragraph 67 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

68.     Defendants neither admit or deny the allegations in paragraph 68 as the body cam footage speaks for itself and as such, the allegations in paragraph 68 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

69.     Defendants neither admit or deny the allegations in paragraph 69 as the body cam footage speaks for itself and as such, the allegations in paragraph 69 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

70.     Defendants neither admit or deny the allegations in paragraph 70 as the body cam footage speaks for itself and as such, the allegations in paragraph 70  are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

71.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore deny them.

72.     Denied.

73.     Denied.

74.     Defendants admit that a weapon  was not located on Denzel Taylor's person after he was shot, but deny the remaining allegations in paragraph 74.

75.     Defendants admit that Denzel Taylor was not running away or leaving the scene when he was shot, but deny the remaining allegations in paragraph 75.

76.     Defendants admit that Denzel Taylor was not running away or leaving the scene when he was shot, but deny the remaining allegations in paragraph 76

77.     Admitted.

78.     Admitted.

79.     Denied.

80.     Denied.

81.     Defendants deny the allegations in paragraph 81 in part, as they were of the good faith belief that Denzel Taylor was armed and appeared to have a weapon in his pocket where his hand was concealed.  Defendants admit that that a weapon was not located on Denzel Taylor's person after he was shot, and deny any remaining allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82 in part, as they were of the good faith belief that Denzel Taylor was armed and appeared to have a weapon in his pocket where his hand was concealed.  Defendants admit that that a weapon was not located on Denzel Taylor's person after he was shot, and deny any remaining allegations in paragraph 82

83.     Denied.

84.     Denied.

85.     Defendants deny that Denzel Taylor never made any gestures towards them. Defendants neither admit or deny the remaining allegations in paragraph 85 as the body cam footage speaks for itself and as such, the allegations in paragraph 85  are the conclusions and perceptions of plaintiffs' and their counsel.  To the extent a response is required, Defendants deny the allegations.

86.     Defendants neither admit or deny the allegations in paragraph 86 as the body cam footage speaks for itself and as such, the allegations in paragraph 86 are the conclusions and perceptions of plaintiffs and their counsel.  To the extent a response is required, Defendants deny the allegations.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and therefore deny them.

88.     Defendants deny the allegations in paragraph 88 in part, as they were of the good faith belief that Denzel Taylor was armed and appeared to have a weapon in his pocket where his

hand was concealed.  Defendants admit that that a weapon was not located on Denzel Taylor's person after he was shot, and deny any remaining allegations in paragraph 88.

89.     Defendants admit that a weapon  was not located on Denzel Taylor's person after he was shot, but deny the remaining allegations in paragraph 89.

90.     Defendants deny that their actions violated Denzel Taylors constitutionally guaranteed rights  as set out in parenthetical Nos. 1, 2, 3, and 4 of paragraph 90.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 90 of the Complaint and therefore deny them.

91.     Denied.

92.     Defendants neither admit or deny the allegations in paragraph 92 as the autopsy speaks for itself. To the extent a response is required, Defendants deny the allegations.

93.     Defendants neither admit or deny the allegations in paragraph 93as the autopsy speaks for itself. To the extent a response is required, Defendants deny the allegations.

94.     Defendants neither admit or deny the allegations in paragraph 94 as the autopsy speaks for itself. To the extent a response is required, Defendants deny the allegations.

95.     Defendants neither admit or deny the allegations in paragraph 95as the autopsy speaks for itself. To the extent a response is required, Defendants deny the allegations.

96.     Defendants neither admit or deny the allegations in paragraph 96 as the autopsy speaks for itself. To the extent a response is required, Defendants deny the allegations.

97.     Defendants admit that a weapon  was not located on Denzel Taylor's person after he was shot, but deny the remaining allegations in paragraph 97.

98.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and therefore deny them.

99.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 99 of the Complaint and therefore deny them.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 100 of the Complaint and therefore deny them.

101.    Defendants admit that the body cam footage indicates that at some point, Defendant Golightly lit a cigarette after leaving the immediate area where Denzel Taylor was but deny the remaining allegations in paragraph 101.

102.    Defendants neither admit or deny the allegations in paragraph 102 as the referenced policy speaks for itself. To the extent a response is required, Defendants deny the allegations.

103.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 103 of the Complaint and therefore deny them.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 104 of the Complaint and therefore deny them.

105.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105 of the Complaint and therefore deny them.

106.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 106 of the Complaint and therefore deny them.

107.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 107 of the Complaint and therefore deny them.

108.    Denied.

109.    Denied.

110.    (enumerated at 101) Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Defendants neither admit nor deny the allegations contained in paragraph 117 as they constitute the legal conclusions of Plaintiff. To the extent a response is required, Defendants deny the allegations.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Defendants deny that any defendant made false statements and deny the

remaining allegations in paragraph 129.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Defendants neither admit nor deny the allegations contained in paragraph 150 as they constitute the legal conclusions of Plaintiff. To the extent a response is required, Defendants deny the allegations.

151.    Defendants neither admit nor deny the allegations contained in paragraph 151 as they constitute the legal conclusions of Plaintiff. To the extent a response is required, Defendants deny the allegations.

WHEREFORE, Defendants, having fully answered "The Killing of Denzel Taylor" of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## COUNT I

Defendants Golightly, Cotner and Broom make no answer to the allegations in Count I as the same are not plead against them. To the extent any allegation in Count I is read or otherwise interpreted to be plead against them, the same is expressly denied.

152.    Defendants City of Sikeston and McMillan re-state and incorporate their responses to the foregoing paragraphs as though fully setout herein.

153.    Defendants City of Sikeston and McMillan neither admit nor deny the allegations contained in paragraph 153 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

154.    Defendants City of Sikeston and McMillan neither admit nor deny the allegations contained in paragraph 154 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

WHEREFORE, Defendants, having fully answered Count I of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## <u>COUNT II</u>

**Unconstitutional Stop and/or Detention and Use of Excessive Force in Violation of Amendments IV and XIV of the United States Constitution and 42 U.S. C. §1983 (Defendants Golightly, Cotner and Broom)**

Defendants City of Sikeston and Chief McMillan make no answer to the allegations in Count II as the same are not plead against them. To the extent any allegation in Count II is read or otherwise interpreted to be plead against them, the same is expressly denied.

161.    Defendants Golightly, Cotner and Broom re-state and incorporate their responses to the foregoing paragraphs as though fully setout herein.

162.    Defendants neither admit nor deny the allegations contained in paragraph 162 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

163.    Defendants neither admit nor deny the allegations contained in paragraph 163 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Defendants deny that any defendant made false statements.  Defendants further deny that they did not have the lawful authority to conduct a stop or detain Denzel Taylor.

169.    Defendants deny that they "escalated the situation", and further deny the remaining allegations in paragraph 169.

170.    Denied.

171.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 171 of the Complaint and therefore deny them.

172.    Denied.

173.    Denied.

WHEREFORE, Defendants, having fully answered Count II of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## COUNT III

**Defendant City's Custom/Pattern/Practice of Unreasonable Stops and Detentions and Use of Excessive Force in Violation of Amendments IV and XIV of the United States Constitution and 42 U.S.C. §1983**

Defendants  McMillan, Golightly, Cotner and Broom make no answer to the allegations in Count III as the same are not plead against them. To the extent any allegation in Count III is read or otherwise interpreted to be plead against them, the same is expressly denied.

174.    Defendant City of Sikeston re-states and incorporate their responses to the foregoing paragraphs as though fully setout herein.

175.    Defendant neither admits nor denies the allegations contained in paragraph 175 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendant denies the allegations.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

WHEREFORE, Defendant, having fully answered Count III of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## COUNT IV

**Substantive Due Process Deprivation in Violation of the Amendment XIV of the United States Constitution and 42 U.S.C. § 1983.**
**(Defendants Golightly, Cotner and Broom)**

Defendants City of Sikeston and Chief McMillan make no answer to the allegations in Count IV as the same are not plead against them. To the extent any allegation in Count IV is read or otherwise interpreted to be plead against them, the same is expressly denied.

185.    Defendants Golightly, Cotner and Broom re-state and incorporate their responses to the foregoing paragraphs as though fully setout herein.

186.    Defendants neither admit nor deny the allegations contained in paragraph 186 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendants deny the allegations.

187.    Defendants admit that on or about April 29, 2020 Defendants Golightly, Cotner and Broom were employed by the City of Sikeston Police Department.  Defendants neither admit nor deny the remaining allegations contained in paragraph 187 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendant denies the allegations.

188.    Defendants neither admit nor deny the allegations contained in paragraph 188 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendant denies the allegations.

189.    Denied.

190.    Denied.

191.    Denied

192.    Denied.

193.    Denied.

194.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 194 of the Complaint and therefore deny them.

195.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 195 of the Complaint and therefore deny them.

WHEREFORE, Defendants, having fully answered Count IV of Plaintiffs' Complaint, request that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

**COUNT V**

**Defendant City's Unconstitutional Custom/Policy/Pattern/Practice of Substantive Due Process in Violation of the Amendment XIV of the United States Constitution and 42 U.S.C. § 1983**

Defendants  McMillan, Golightly, Cotner and Broom make no answer to the allegations in Count V as the same are not plead against them. To the extent any allegation in Count V is read or otherwise interpreted to be plead against them, the same is expressly denied.

196.    Defendant City of Sikeston re-states and incorporate their responses to the foregoing paragraphs as though fully setout herein.

197.    Defendant neither admits nor denies the allegations contained in paragraph 197 as they constitute the legal conclusions of Plaintiffs. To the extent a response is required, Defendant denies the allegations.

198.    Denied.

199.    Denied.

200.    Denied

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 210 of the Complaint and therefore denies them.

211.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 211 of the Complaint and therefore denies them.

WHEREFORE, Defendant, having fully answered Count V of Plaintiffs' Complaint, requests that the Court dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiffs, and grant such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Defendants deny the allegations in Plaintiffs Prayer for Relief and request that the Court deny Plaintiffs prayer, dismiss Plaintiffs' Complaint with prejudice, assess costs and fees against Plaintiff, and grant such other relief as this Court deems just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to the claims made in Plaintiffs' Complaint. In doing so, Defendants do not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   Plaintiffs do not have standing to bring this claim under 537.080 RSMo., and/or other applicable statutes.

3.   Plaintiffs do not have standing to bring this action for violations of Decedent's

rights under the United States Constitution.

4.      Plaintiffs' claims for monetary damages against Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution and are not cognizable under 42 U.S.C. §1983.

5.      Plaintiffs' claim for punitive damages against Defendants are barred by the Constitution of the United States, the State of Missouri.

6.      Defendant City of Sikeston is immune from Plaintiffs' claims of punitive damages.

7.      Plaintiffs' claims are barred by the applicable statutes of limitation.

8.      Plaintiffs' claims are barred by reason of laches, waiver, estoppel, unclean hands, unjust enrichment, and/or any other equitable defense.

9.      Plaintiffs have failed to mitigate their damages.

10.     Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiffs' failure to bring claims at his first opportunity.

11.     If another defendant or another party makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

12.     If any portion of Plaintiff's alleged damages are divisible, Defendants assert that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

13.     Defendants are immune from the claims contained in this Complaint.

14.     Defendants are protected from suit by the doctrine of qualified immunity.

15.     Defendants are protected from suit by the doctrine of official immunity in that their actions were discretionary and therefore, do not subject them to suit in their individual capacity.

16.     Defendants are not properly named because they are not subject to suit in their individual capacity for actions taken in their official capacity.

17.     Defendants' actions were reasonable, taken in good faith, necessary, in self-defense and justified given Decedent's actions.

18.     Defendants had probable cause to take the actions they did.

19.     Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendants specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

**GOLDBERG SEGALLA  LLP**

By:   /s/ Paul L. Knobbe
     Paul L. Knobbe #49026MO
     *pknobbe@goldbergsegalla.com*
     8000 Maryland, Suite 640
     St. Louis, Missouri  63105
     Telephone:  (314) 446-3350
     Facsimile:  (314) 446-3360

*Attorneys for Defendants City of Sikeston, Missouri, Chief James B. McMillan, Josh S. Golightly, Matthey R. Cotner, and Jon R. Broom.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system this 6th day of September, 2022 upon all counsel of record.

    /s/ Paul L. Knobbe