

July 19, 2023

<u>Via E-mail</u>
David Renovitch drenovitch@goldbergsegalla.com
John Allen jallen@goldbergsegalla.com
Andrea Sciarratta asciarratta@goldbergsegalla.com
Goldberg Segalla
8000 Maryland Ave., Suite 640
St. Louis, MO 63105

   **RE:**  Jackson and Kelly v. Sikeston, EDMO 1:22-cv-00110-AGF
       *Golden Rule Letter* – All Defendants' Objections and Responses to Plaintiff's 2nd RFP

Dear Mr. Renovitch:

  Regarding your claimed privileges under 5 USC 552(b) as to Plaintiffs' 2nd RFP #1-3, these are clearly not viable privileges in the case at bar, but rather are simply exemptions from the FOIA requirements for governmental bodies. This statute has nothing to do with civil litigation, governed by the Rules of Civil Procedure, and instead deals with public requests for information directed to the government. Stated differently, 5 USC 552(b) only takes away from the public power to request documents from the government laid out in 5 USC 552(a). It absolutely does not create a privilege within the context of civil litigation. This objection must be withdrawn as it is meritless and submitted in bad faith.

  With respect to defendants' evidentiary objections in Plaintiffs' 2nd RFP #1-3, please see the following:

1. Obviously, telephone calls made and received by the defendants may be relevant and are certainly discoverable. Sikeston Policy 13.4.2 states that the involved officer must not discuss the case with anyone except supervisory and command personnel, their legal counsel, and the department psychologist. We have a right to know who the defendants spoke to the days following the shooting. This is not vague nor ambiguous nor overly broad. These requests are specifically tailored to obtain phone records from the day of the shooting, and the two days after, which is within the time the defendants' officer-involved shooting interviews occurred. Further, nothing in these requests seek to invade attorney-client privilege and of course, any responsive documents/materials which fall under that category may be withheld subject to that privilege and a privilege log will suffice instead.

DONLON BRAND, LLC | 222 W. Gregory Blvd., Suite 232 | Kansas City, MO 64114 816-621-3322 | 816-621-3323 (Fax) | melissa@donlonbrand.com

2. Obviously, emails sent and received by the defendants may be relevant and are certainly discoverable as they may contain admissions, statements against interest or contain other relevant information about the subject shooting or about Denzel Taylor generally. This request is not vague nor ambiguous nor overly broad as it is specifically tailored to Denzel Taylor. Further, nothing in these requests seek to invade attorney-client privilege and of course, any responsive documents/materials which fall under that category may be withheld subject to that privilege and a privilege log will suffice instead.

3. Obviously, text messages sent and received by the defendants may be relevant and are certainly discoverable as they may contain admissions, statements against interest or other relevant information about the subject shooting or about Denzel Taylor generally. This request is not vague nor ambiguous nor overly broad as it is specifically tailored to Denzel Taylor. Further, nothing in these requests seek to invade attorney-client privilege and of course, any responsive documents/materials which fall under that category may be withheld subject to that privilege and a privilege log will suffice instead.

With respect to Plaintiffs' 2nd RFP #4, your objection contradicts itself and is improper as a whole. You state that it is Plaintiffs' burden to prove the minor children D.T., A.T. and B.T. are the biological children of Denzel Taylor, which would mean it is relevant, but in the same paragraph you state that our request is not relevant and could never be admissible. I am also confused as to how this is vague, ambiguous or overly broad. Defendants are taking the position that D.T., A.T. and B.T. are not Denzel Taylor's biological children, so we would like to know what documents/materials you have in this regard such that you might use it on cross-examination.

Please withdraw all of your objections to these Requests and provide us with the responsive materials within the next seven (7) days. Judge Fleissig requires that we speak on the phone if you insist on standing on your objections. I am available to discuss these matters further anytime this week.

Sincerely,

**DONLON BRAND, LLC**

*/s/ Melissa K. Donlon*

Melissa K. Donlon