UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MIKELA JACKSON, as next friend of D.T., a minor, A.T., a minor, and B.T., a minor, and JEAN KELLY,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SIKESTON, MISSOURI, CHIEF JAMES B. MCMILLAN, JOSH GOLIGHTLY, MATTHEW R. COTNER, and JON R. BROOM,<br><br>    Defendants. | Case: 1:22-cv-00110-AGF |

**JOINT APPLICATION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT**

COME NOW Plaintiffs MIKELA JACKSON, as Next Friend of D.T., A.T., and B.T., minors, ("Plaintiff Jackson") and JEAN KELLY ("Plaintiff Kelly") (together, "Plaintiffs"), as a Class 1 beneficiaries, by and through their undersigned counsel Donlon Brand, LLC and Defendants CITY OF SIKESTON, MISSOURI, CHIEF JAMES B. MCMILLAN, JOSH GOLIGHTLY, MATTHEW R. COTNER, and JON R. BROOM, by and through undersigned counsel Pitzer Snodgrass, P.C., pursuant to Section 537.095 RSMo., and move this Court to enter its Order approving the proposed settlement, and state as follows:

1.   This action arises from the death of Denzel Taylor ("Decedent") on or about April 29, 2020, related to an officer-involved shooting involving the Defendants, which Plaintiffs allege caused or contributed to cause Decedent's death.

2.   Plaintiffs are entitled to bring this action to recover damages for the alleged wrongful death of Decedent under § 537.080 RSMo.

3.   Decedent was not married at the time of his death.

4.   At the time of his death, Decedent had two children, D.T. and A.T.

1

5. At the time of his death, Plaintiff Jackson was pregnant with Decedent's third child, B.T., who was subsequently born in August 2020.

6. Plaintiff Jackson is the natural mother of D.T., A.T. and B.T.

7. Plaintiff Jackson has been appointed by this Court as Next Friend to D.T., A.T. and B.T.

8. At the time of his death, Decedent also left surviving him his mother, Plaintiff Kelly.

9. Additionally, at the time of his death, Decedent left surviving him his father, Milton Taylor.

10. Milton Taylor is not a named plaintiff to this litigation.

11. Milton Taylor is represented by attorney Matthew Glenn of the law firm Cook, Barkett, Ponder & Wolz.

12. On January 18, 2024, Plaintiffs' attorney Melissa Donlon of Donlon Brand, LLC forwarded Mr. Glenn this Honorable Court's order from January 17, 2024 which set the wrongful death hearing for February 6, 2024 at 10:00 a.m. *Ex. 1* – Email.

13. Mr. Glenn acknowledged receipt of this notice by phone call to plaintiff's counsel.

14. There are no other individuals in class (1) of § 537.080 RSMo. entitled to join Plaintiff in a wrongful death action due to Decedent's death or receive notice of the settlement.

15. Plaintiffs, through counsel of their choice, have fully investigated and evaluated the facts and circumstances surrounding Decedent's death, and the claims and potential elements of damages set forth in § 537.090 RSMo, including pecuniary damages, funeral expenses, services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support, and in addition, damages Decedent purportedly suffered alleged to be a result of Defendant's conduct. Plaintiffs, through counsel of their choice, have also fully investigated and evaluated the facts and

circumstances surrounding claims for purported aggravating circumstances and punitive damages.

16. Plaintiffs, including minors D.T., A.T. and B.T., fully understand and appreciate this settlement forecloses and extinguishes any claim or lawsuit against these Defendants for any component of § 537.090 RSMo, any claim for injuries and damages not resulting in death, any claims for civil rights violations, any claims for aggravating circumstances and punitive damages, and any other claims for damages brought in any form, under any theory or in any capacity—including but not limited to pecuniary damages, non-pecuniary damages, economic damages, non-economic damages, "survival" damages of Decedent, aggravating circumstances damages, and punitive damages against these Defendants.

17. Plaintiffs further fully understand and appreciate this settlement forecloses and extinguishes their ability, including the ability of minors D.T., A.T. and B.T., to bring any other claim against Defendants relating in any way to or arising from the aforementioned incident (or incidents) purportedly involving Decedent.

18. Plaintiffs have decided that the above cause(s) of action should be compromised and settled with Defendants for $2,000,000.00 and upon the terms set forth herein and in the Settlement Agreement and General Release.

19. Although Defendants deny any and all liability to Plaintiffs in the above-captioned cause of any kind or character, the parties have agreed to a compromised settlement.

20. Plaintiffs believe, represent, and state to the Court that the aforementioned compromised settlement is fair, reasonable, valid, just, and equitable, and is in the best interest of and advantageous to Plaintiffs and any and all lawful heirs entitled to recover for Decedent's

death. Therefore, Plaintiffs hereby request that the Court approve the proposed compromise and settlement as further set forth in the Settlement Agreement and General Release.

21. Plaintiffs further seek the Court's approval of attorney's fees and litigation expenses. Plaintiffs understand and agree that their attorney's fees are 40% of the gross settlement matter totaling $800,000.00. Plaintiffs understand and agree that their case expenses total $49,025.61. Plaintiffs request that the Court approve the attorney's fees and litigation expenses as fair, reasonable, valid, just, and equitable.

22. Plaintiffs assume full responsibility for the satisfaction and/or compromise of all applicable liens. In that regard, Plaintiffs understand such liens including but not limited to Medicare and Medicaid, pursuant to the Settlement Agreement and General Release, are to be satisfied solely by Plaintiffs—with Defendants bearing no responsibility for any such liens. To Plaintiffs' knowledge, there are no valid, applicable liens.

23. Plaintiffs agree to acknowledge receipt and satisfaction of the amount paid by Defendants pursuant to the Settlement Agreement and General Release promptly following such payment.

24. Plaintiffs understand that they have a right to a jury trial in this matter. Plaintiffs understand that a jury could find for or against their claims. Plaintiffs understand that if the jury found for their claims, that the jury could award, more, less or the same amount as the settlement figure. Plaintiffs understand that if the jury found against their claims, that they would be awarded no money. Additionally, Plaintiffs understand that a possibility also exists of their claims being dismissed as a matter of law, without being heard by a jury at all.

25. Further, Plaintiffs understand that if they succeed in a jury trial, the possibility of an appeal exists, whereby the appellate court could affirm or reverse the outcome of the trial.

26. Plaintiffs have had an opportunity to consult with their attorneys and have had their questions addressed and answered.

27. Plaintiffs knowingly waive their right to a jury trial against Defendants and submit all issues of this proposed settlement to the Court for consideration and approval.

28. The apportionment of the net settlement proceeds amongst the heirs will be addressed in a separate motion.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court enter its Order:

(A) Approving the settlement in the amount of $2,000,000.00;

(B) Finding the terms and conditions of this Settlement Agreement and General Release to be fair, reasonable, valid, just, and equitable and approving the same[1];

(C) Requiring Defendants to pay the amount owed to Plaintiffs as outlined in the Settlement Agreement and General Release;

(D) Requiring Plaintiffs' satisfaction of any and all liens associated with this settlement (which Plaintiffs believe there are none);

(E) Requiring Plaintiffs to acknowledge receipt and satisfaction of the amount paid by Defendants pursuant to the Settlement Agreement and General Release;

(F) Finding Plaintiffs are entitled to bring this action pursuant to § 537.080 RSMo and that Plaintiffs, D.T., A.T., B.T., Jean Kelly and Milton Taylor are

---

[1] Provided Defendants approve the Release by the time of the Settlement Hearing.

        the only legal heirs within class (1) of § 537.080 RSMo entitled to bring or join in a wrongful death action as a result of Decedent's death;

(G)    Approving attorney's fees of $800,000.00 and litigation expenses of $49,025.61 as fair, reasonable, valid, just, and equitable;

(H)    Ordering payment of the full settlement amount, as outlined and agreed by the parties, by February 20, 2024; and

(I)    Dismissing this matter in its entirety against all Defendants with prejudice.

Respectfully submitted:

*/s/ Melissa K. Donlon*
Melissa K. Donlon MO #71745
Nick A. Brand MO #63380
DONLON BRAND, LLC
9229 Ward Parkway, Suite 340
Kansas City, Missouri 64114
Telephone: (816) 621-3322
Facsimile: (816) 621-3323
melissa@donlonbrand.com
nick@donlonbrand.com
**Attorneys for Plaintiff**


*/s/ Peter J. Dunne*
Peter J. Dunne  #31482MO
Christina B. O'Keefe #72054MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: dunne@pspclaw.com
Email: cokeefe@pspclaw.com
**Attorneys for Defendants**