## CONTINGENCY FEE CONTRACT FOR LEGAL SERVICES

THIS AGREEMENT is made and entered by and between Donlon Brand, LLC and Rosenfeld Injury Lawyers, LLC (hereinafter the "Attorneys") and the undersigned, Jean Kelly, Mikela Jackson, individually and on behalf of her minor children, Denia Taylor, Aiyana Taylor, and Brookelynn Taylor (hereinafter the "Client").

WHEREAS, Client sought out the Attorneys for the purpose of prosecuting one or more claims, and has requested that the Attorneys investigate and, if appropriate, pursue claims on Client's behalf on a contingency fee basis.

NOW, THEREFORE, the parties agree as follows:

1. Employment. Client hereby retains, engages and employs the Attorneys to represent Client in investigating, handling and prosecuting any and all claims against the persons and/or entities responsible in connection with the injuries and death of Denzel Taylor at the hands of the Sikeston Department of Public Safety on April 29, 2020 (hereinafter the "Claim").

2. Compensation. Client hereby agrees to compensate the Attorneys under a contingency fee arrangement, based on the value of money or property recovered on the Claim, as follows:

**33 1/3%** of the gross amount received from any settlement or resolution of the Claim *before a lawsuit is filed*; or

**40%** of the gross amount received from any judgment, settlement or resolution of the Claim *after a lawsuit is filed*.

As used herein, the phrase "gross amount received" shall mean the total of any monies recovered on Client's behalf, whether by negotiation, settlement, judgment or sanctions. Medical expenses of the Client and litigation costs and expenses advanced by the Attorneys on behalf of the Client shall not be deducted from the gross amount received before calculation of the attorneys' fee.

If material non-cash concessions are given by the defendant(s) to facilitate a settlement or are received by judgment, then a reasonable estimate of the fair value of those concessions will be made and agreed upon, and the contingency fee shall be applied thereto. If the settlement of the Claim is made by structured settlement, the Attorneys' fee will be computed by applying the fee percentage to the total present value cost of the settlement to the defendant(s). The Attorneys' fee and those litigation costs and expenses advanced by the Attorneys shall then be paid out of the initial cash payment of the structured settlement.

It is further understood and agreed that the Attorneys shall not be entitled to any compensation for their services unless and until settlement or collection of the Client's Claim has been made, and the Attorneys shall have no right to compromise or settle the Claim without the Client's consent. At the same time, Client shall not settle the Claim without notifying and

consulting with the Attorneys. Should the Attorneys recommend that Client settle the Claim by compromise, Client covenants not to be unreasonable in considering and acting upon such advice.

The Attorneys will not agree, as part of any settlement, to conceal any matter constituting a public hazard or affecting public health or safety, even if requested to do so by the Court.

3. Costs and Expenses. Client understands that costs and expenses will be incurred by the Attorneys in advancing Client's cause in connection with the Claim and requests that the Attorneys advance all such costs and expenses. Client's repayment of the costs and expenses advanced by the Attorneys in connection with the Claim is contingent upon the outcome of the Claim. If there is no recovery, no repayment of such costs and expenses is required and the Client owes the Attorneys no fees. If there is a recovery, litigation costs and expenses advanced by the Attorneys are to be repaid to the Attorneys from the Client's share of the gross amount received after the subtraction of the Attorneys' fee.

For example, if $100.00 is recovered on behalf of the Client and the costs and expenses advanced by the Attorneys are $5.00 with a 40% fee, then Attorneys would receive $40.00 in fees, the Attorneys would be reimbursed $5.00 for advanced litigation costs and expenses and the Client would receive $55.00. It is further understood and agreed that the Attorneys may need to hire and consult with one or more experts and/or consultants to assist the Attorneys with the prosecution of the Claim. The expense of retaining any experts or consultants will be repaid to the Attorneys from the Client's share of the gross amount received if there is a recovery.

4. Counterclaims and Cross-Claims. The compensation for the representation herein contemplated does not extend to representation respecting a counterclaim or cross-claim. Therefore, in the event a counterclaim or cross-claim is made against Client, Client acknowledges that the Attorneys may request and be entitled to separate compensation or fees in a reasonable amount for providing a defense to any counterclaim and/or cross-claim.

5. Associate Counsel / Fee Sharing. The Attorneys may, at their discretion, employ associate counsel to assist them in prosecuting the Claim, and any fees charged by any such associate counsel shall be the responsibility of the Attorneys, unless otherwise agreed. Client has been informed, understands and agrees any attorney fees in this case will be shared as follows: 2/3 to Donlon Brand, LLC and 1/3 to Rosenfeld Injury Lawyers, LLC. The fee split between the Attorneys does not impact the Client's recovery in any way.

6. Client's Authorization and Covenant of Cooperation. Client hereby authorizes the Attorneys to file suit on the Claim. Client further covenants to cooperate with the Attorneys as requested in the Attorneys' pursuit of the Claim including, but not limited to, locating witnesses, securing testimony, and in all other reasonable matters desired by the Attorneys in the proper pursuit and/or prosecution of the Claim. If Client fails to cooperate in the preparation and prosecution of the Claim, the Attorneys may withdraw from representation of the Client and Client agrees to pay a reasonable attorneys' fee for the work performed up to the date of the withdrawal. Attorneys shall be in control of the procedures and litigation as required by the Code of Professional Conduct controlling said Attorneys, and may decline to proceed on behalf of the Client as factors develop.

7. Communications With Third Parties, the Internet and Social Media. Client agrees to refrain from communications with third parties relating to the Claim other than as necessary with Client's health care providers. Client agrees to refrain from posting anything related to Claim, Client's injuries or Client's damages on any website, blog or social media site including, but not limited to, Facebook, MySpace, Instagram, Google+ or Twitter.

8. Attorneys' Withdrawal or Termination. Client understands that the Attorneys will investigate the merits of the Claim further before filing suit. If, in the opinion of the Attorneys, Client's Claim is determined through investigation and/or the discovery process to be questionable or no longer warrants the further investment of time and expense, the Attorneys may elect to withdraw upon written notice to the Client. Client hereby consents in advance to such withdrawal.

9. Attorneys' Lien. The Attorneys shall have a lien for their services rendered and costs and expenses advanced in connection with the prosecution of Client's Claim on any sums recovered on the Claim, whether by settlement or judgment. The Attorneys are granted a lien on, and a security interest in, all documents, papers, work product, causes of action and any proceeds thereof as security for any fees owing to the Attorneys or any costs or expenses advanced or incurred by the Attorneys on behalf of the Client.

10. Favorable Outcome Not Warranted. Client acknowledges that the Attorneys have made no guarantee or warranty regarding the successful prosecution and/or outcome of Client's Claim, and any expressions relative thereto are a matter of opinion only.

11. Power of Attorney to Execute Documents. Client hereby gives the Attorneys the Client's power of attorney to execute all documents connected with the Claim including pleadings, contracts, settlement agreements, compromises and releases, verifications, dismissals, orders and all other documents that Client could properly execute. Nevertheless, this provision does not otherwise negate the necessity for the Client's consent to any settlement and/or dismissal of the Claim.

12. Receipt and Disbursement of Settlement Proceeds. The Attorneys may receive the settlement or judgment amount, deposit same in a trust accounts, retain therefrom their attorneys' fee and advanced litigation costs and expenses and thereupon disburse the remainder thereof to the Client.

13. Ultimate Disposal of Client's File. The working documents maintained during the Attorneys' representation of Client ultimately belong to the Client. The Client may request them at any time. If Client wishes to receive all or a portion of the working documents, Client shall advise Attorneys in writing. Client hereby authorizes the Attorneys to dispose of Client's file two years after Client's case is concluded, if the Attorneys so desire. If Client desires their file, they agree to request the same from the Attorneys within this two-year period, and the Attorneys agree to provide Client with the file.

14. Binding. This agreement shall be binding upon the parties hereto and their respective heirs, personal representatives, successors and assigns. Acceptance by the Attorneys of this agreement shall be evidenced by the commencement of performance of services.

IN WITNESS WHEREOF, the parties hereto have executed this agreement effective as of the day and year first above written.

CLIENT: *Jean Kelly* (DocuSigned, D482FA0E7C2B440...)

Name: Jean Kelly

Date: 10/7/2022

CLIENT: _____

Name: _____

Date: _____

ATTORNEYS:

By: *Melissa Donlon* (DocuSigned, 9A7D9D41E175406...)
Donlon Brand, LLC

Name: Melissa Donlon

Date: 10/7/2022

By: _____
Rosenfeld Injury Lawyers, LLC

Name: _____

Date: _____