**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MIKELA JACKSON, as Next Friend of ) <br> D.T., A.T., and B.T., minors, ) <br> and JEAN KELLY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF SIKESTON, MISSOURI, et al., ) <br> ) <br> Defendants. ) | Case No. 1:22-cv-00110-AGF |

**ORDER OF JUDGMENT APPROVING
WRONGFUL DEATH SETTLEMENT**

NOW on this 6th day of February, 2024, this cause comes before the Court upon the parties Joint Application for Approval of Wrongful Death Settlement (ECF No. 67) and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds (ECF No. 69). Plaintiffs Mikela Jackson and Jean Kelly ("Plaintiffs") appear with attorney Melissa K. Donlon of Donlon Brand, LLC. Defendants City of Sikeston, Missouri, Chief James B. McMillan, Josh Golightly, Matthew R. Cotner and Jon R. Broom ("Defendants") appear by and through their attorney Peter Dunne of Pitzer Snodgrass, P.C. Intervenor Plaintiff Milton Taylor appears by and through his attorney Matthew Glenn of Cook, Barkett, Ponder & Wolz.

The parties announce that, as approved by the Court on February 6, 2024, (ECF No. 82) they have agreed to waive a trial by jury and submit all issues in this case to the Court. The parties have filed their Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds, and request that the Court enter its Order in accordance with the Joint Application, Plaintiffs' Motion, and the evidence presented at the hearing regarding the same in open Court on

February 6, 2024.  The Court, having considered the evidence presented and being fully advised in the premises, does hereby find that:

(1) The facts and conclusions set forth in the Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds are true and correct.

(2) Pursuant to Mo. Rev. Stat. § 537.080, Plaintiffs are entitled to bring this action and recover the damages identified in the Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds including.

(3) Plaintiffs have diligently attempted to notify all parties to the cause of action under Mo. Rev. Stat. § 537.095.

(4) Pursuant to Mo. Rev. Stat. § 537.080, the class (1) beneficiaries are D.T., A.T., B.T., Jean Kelly, and Milton Taylor.  The class (1) beneficiaries are entitled to approve and apportion this wrongful death settlement.

(5) Pursuant to Mo. Rev. Stat. § 537.080, the class (2) beneficiaries are Diandra Birge, Erica Kelly, Jeanina Austin, Whitney Rapley, Morgan Taylor, Mya Taylor, and Kamille Coleman.

(6) The settlement set forth in the parties' Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds and in the Settlement Agreement and General Release (ECF No. 69-1) is fair, reasonable, valid, just, and equitable, and is in the best interest of and advantageous to Plaintiffs.  The settlement was voluntarily agreed to by all parties.

(7) Plaintiffs assume full responsibility for the satisfaction and/or compromise of all applicable liens.

(8)     Plaintiffs have agreed to and should promptly acknowledge receipt and satisfaction of the amount paid by Defendants.

(9)     The attorney's fees and litigation expenses are fair, reasonable, valid, just, and equitable and are approved.

(10)    The apportionment of the settlement proceeds to the class (1) and (2) beneficiaries after the deduction of attorney's fees and expenses, as outlined in ECF No. 69-1, is fair, reasonable, valid, just, and equitable, is in the best interest of and advantageous to Plaintiffs.

(11)    The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of D.T.

(12)    The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of A.T.

(13)    The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of B.T.

(14)    The purchases shall be made by way of a qualified assignment according to Section 130 of the Tax Code.  The terms of these purchases shall be further described in the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM".  ECF No. 69-1.

(15)    The future payment amounts outlined in section 1 of the Structured Settlement Addendum, Exhibit A to the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE

INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM" are guaranteed based upon a projected funding date of February 1, 2024. ECF No. 69-1.

(16)    Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM", qualified assignment document and annuity contract (ECF No. 69-1) without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order up to 60 days after February 1, 2024.

(17)    IT IS FURTHER ORDERED that the structured settlement annuity is irrevocable and cannot, under and circumstances, be cashed in; that the structured settlement annuity is non-transferable; that the structured settlement annuity cannot be sold by or on behalf of the minor; that no amount of money may be paid or distributed from the structured settlement annuity until after such time the minor attains 18 years of age; that the structured settlement annuity is guaranteed in that the insurance company's payment obligations are absolute and unconditional; and that the structured settlement annuity is in the best interest of the minor.

(18)    A.T. (50%) and B.T. (50%) as sisters shall be named the primary beneficiaries of the aforementioned structured settlement annuity for D.T., with Mikela Jackson as mother named as contingent beneficiary (100%). Upon reaching the age of majority, D.T. may name her own beneficiary or beneficiaries.

4

(19)     D.T. (50%) and B.T. (50%) as sisters shall be named the primary beneficiaries of the aforementioned structured settlement annuity for A.T., with Mikela Jackson as mother named as contingent beneficiary (100%).  Upon reaching the age of majority, A.T. may name her own beneficiary or beneficiaries.

(20)     Mikela Jackson as mother shall be named the primary beneficiary (100%) of the aforementioned structured settlement annuity for B.T., with D.T. (50%) and A.T. (50%) as sisters named as contingent beneficiaries.  Upon reaching the age of majority, B.T. may name her own beneficiary or beneficiaries.

(21)     The claims and damages as identified in the Plaintiffs' Petition for Damages and outlined in the parties' Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds and as further expressed in the Settlement Agreement and General Release (ECF No. 69-1), are resolved in their entirety.

(22)     The Settlement Agreement and General Release was reviewed and approved by the Court.

(23)     This matter will be dismissed by this Court in its entirety with prejudice against Defendants City of Sikeston, Missouri, Chief James B. McMillan, Josh Golightly, Matthew R. Cotner and Jon R. Broom.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED BY THE COURT:**

1.     A jury trial has been voluntarily waived by Plaintiffs and Defendants.

2.     Pursuant to Mo. Rev. Stat. § 537.080, Plaintiffs are entitled to bring this action and recover the damages identified in the parties Joint Application for Approval of Wrongful Death

5

Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds.

3. Plaintiffs have diligently attempted to notify all parties to the cause of action under Mo. Rev. Stat. § 537.095.

4. D.T., A.T., B.T., Jean Kelly and Milton Taylor are the lawful class (1) beneficiaries of Decedent to approve and apportion this wrongful death settlement pursuant to Mo. Rev. Stat. § 537.080.

5. D.T., A.T., B.T., Jean Kelly and Milton Taylor have, for good cause shown, agreed to waive in class (2) beneficiaries Diandra Birge, Erica Kelly, Jeanina Austin, Whitney Rapley, Morgan Taylor, Mya Taylor, and Kamille Coleman.

6. Plaintiffs assume full responsibility for the satisfaction and/or compromise of all applicable liens.

7. Plaintiffs shall promptly acknowledge receipt and satisfaction of the amount paid by Defendants pursuant to the GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM. ECF No. 69-1.

8. The proposed settlement of Plaintiffs' claims against Defendant is fair, reasonable, valid, just, and equitable and is in the best interest of and advantageous to Plaintiffs. It was voluntarily accepted by the parties and is hereby approved.

9. The attorney's fees and litigation expenses are fair, reasonable, valid, just, and equitable and are approved.

10. The apportionment of the settlement proceeds to Plaintiffs, after the deduction of attorney's fees and litigation expenses, is fair, reasonable, valid, just, and equitable, is in the best interest of and advantageous to Plaintiffs and Decedent's lawful heirs and is hereby approved.

11. The claims and damages, including but not limited to those identified in Plaintiff's Petition for Damages, and further expressed in the GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM (ECF No. 69-1), are resolved in their entirety.

12. The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of D.T.

13. The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of A.T.

14. The Defendant shall fund a structured settlement annuity in the amount of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00) from Pacific Life & Annuity Services, Inc. to fund a structured settlement for the benefit of B.T.

15. The purchases shall be made by way of a qualified assignment according to Section 130 of the Tax Code.  The terms of these purchases shall be further described in the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM".  ECF No. 69-1.

16. The future payment amounts outlined in section 1 of the Structured Settlement Addendum, Exhibit A to the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM" (ECF No. 69-1) are guaranteed based upon a projected funding date of February 1, 2024.

17. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the "GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF DENZEL TAYLOR, DECEASED AGAINST THE CITY OF SIKESTON, MISSOURI; SIKESTON POLICE CHIEF JAMES MCMILLAN; and SIKESTON POLICE OFFICERS JOSH S. GOLIGHTLY; MATTHEW R. COTNER; AND JON R. BROOM", qualified assignment document and annuity contract (ECF No. 69-1) without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order up to 60 days after February 1, 2024.

18. **IT IS FURTHER ORDERED** that the structured settlement annuity is irrevocable and cannot, under and circumstances, be cashed in; that the structured settlement annuity is non-transferable; that the structured settlement annuity cannot be sold by or on behalf of the minor; that no amount of money may be paid or distributed from the structured settlement annuity until after such time the minor attains 18 years of age; that the structured settlement annuity is guaranteed in that the insurance company's payment obligations are absolute and unconditional; and that the structured settlement annuity is in the best interest of the minor.

19. A.T. (50%) and B.T. (50%) as sisters shall be named the primary beneficiaries of the aforementioned structured settlement annuity for D.T., with Mikela Jackson as mother named

as contingent beneficiary (100%). Upon reaching the age of majority, D.T. may name her own beneficiary or beneficiaries.

20. D.T. (50%) and B.T. (50%) as sisters shall be named the primary beneficiaries of the aforementioned structured settlement annuity for A.T., with Mikela Jackson as mother named as contingent beneficiary (100%). Upon reaching the age of majority, A.T. may name her own beneficiary or beneficiaries.

21. Mikela Jackson as mother shall be named the primary beneficiary (100%) of the aforementioned structured settlement annuity for B.T., with D.T. (50%) and A.T. (50%) as sisters named as contingent beneficiaries. Upon reaching the age of majority, B.T. may name her own beneficiary or beneficiaries.

22. The claims and damages as identified in the Plaintiffs' Petition for Damages and outlined in the parties' Joint Application for Approval of Wrongful Death Settlement and Plaintiffs' Motion for Approval of Wrongful Death Settlement Apportionment and Allocation of Settlement Proceeds and as further expressed in the Settlement Agreement and General Release (ECF No. 69-1), are resolved in their entirety.

23. The Settlement Agreement and General Release (ECF No. 69-1) was reviewed and approved by the Court.

24. This Court recognizes the significance of a prompt payment of the settlement proceeds by the Defendants to the Plaintiffs in this matter as any delay in the purchase date of the minors' respective annuities may impact the structures as outlined herein.

25. Therefore, this Court orders that payment from the Defendants to Plaintiffs' counsel must be completed by **February 14, 2024**, at the latest.

9

26. The Defendants have been advised any undue delay on their part could have a material negative impact on the minors' settlement and this Court has remedies at its disposal in the event of such an undue delay.

27. This case is hereby **DISMISSED with prejudice** in its entirety against Defendants City of Sikeston, Missouri, Chief James B. McMillan, Josh Golightly, Matthew R. Cotner and Jon R. Broom, with each party to bear their own costs in this action.

28. This Court will retain jurisdiction to enforce the settlement if necessary.

Dated this 6th day of February, 2024.

                                          _____
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE